**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 4 2018

JEFFREY P. COLWELL
CLERK

IN THE DISTRICT COURT OF THE UNITED STATES

DISTRICT OF COLORADO

At Denver

| | |
|---|---|
| UNITED STATES, <br> PLAINTIFF <br><br><br><br> v. <br><br><br> Craig R. Walcott, <br> Defendant. | ) No. **18-cr-28-RM** <br> ) <br> ) MOTION TO DISMISS for lack of <br> ) subject matter jurisdiction. Authority to <br> ) prosecute is borne of regulation and lacks <br> ) a statutory foundation. <br> ) <br> ) <br> ) <br> ) |

## I. <u>INTRODUCTION.</u>

1.1 COMES NOW, Craig R. Walcott (hereinafter "Defendant"), seeking specific relief in the form of dismissal for lack of subject matter jurisdiction due to constitutional defects in authority now exercised by the Plaintiff. Authorities cited herein show a void in statutory authority necessary to impose the income tax at issue in this case, and that said void was filled through regulation alone in a manner that violates the 16th Amdt. which renders this action a violation of Defendant's 5th Amdt. rights to due process. In 2012 the 7th Circuit of Appeals has actually pointed to the regulation challenged in this motion as the provision that identifies the subject of the tax now at issue.

1.2 The challenge made herein is one the Plaintiff has faced several times, and in each instance evasion ruled the day. All courts are loathe to determine the validity of the challenged regulation and to say thereafter whether executive authority was unduly expanded through its promulgation. ***Any and all emphasis*** employed herein may be construed to have been added. All statutes cited shall be deemed to be from 26 USC unless otherwise specifically indicated.

1.3 Jurisdictional defects can include the unconstitutionality of the charging statute as applied to a criminal defendant's conduct. (See *US v. Mercer*, 133 F.Supp. 288, 291 (CA9 1955); *US v. Caperell*, 938 F.2d 975, 977 (CA9 1991) (citing *US v. Montilla*, 870 F.2d 549 (CA9 1989) amended at 907 F.2d 115 (CA9 1990)).

1.4 A federal court is required to determine jurisdiction *sua sponte*. (See *City of Kenosha v. Bruno*, 412 US 507, 511, 37 L.Ed.2d 109, 93 S.Ct. 2222 (1973); *Washington Local v. International Brotherhood of Boilermakers*, 621 F.2d 1032, 1033 (CA9 1980); *Hoohi v. Ariyoshi*, 741 F.2d 1169 (CA9 1984); *Arizona Life v. Stanton*, 515 F.3d 956, 962 (CA9 2008)). A court must determine whether jurisdiction exists pursuant to Article III of the U.S. Constitution, and it must dismiss an action if jurisdiction is lacking. (See *Timbisha Shoshone Tribe v. Kennedy*, 687 F.Supp.2d 1171 (CA9 2009); *Fleck & Assoc. v. City of Phoenix*, 471 F.3d 1100 (CA9 2006)).

1.5 The burden of proving jurisdiction is upon the party asserting it. (See *Sissoko v. Rocha*, 412 F.3d 1021 (CA9 2004)). Because jurisdiction goes to the power of the court to act, jurisdictional defects cannot be waived and, for the same reason, are not subject to harmless error analysis. (See *United States v. Navarro*, 959 F.Supp. 1273 (CA9 1977); *US v . Ratigan*, 351 F.3d 957 (CA9 2003)).

> "***But the section contains nothing to that effect***, and, therefore, ***to uphold*** [IRS Commr's] addition to the tax ***would be to hold that it may be imposed by regulation, which, of course, the law does not permit***. *U.S. v. Calamaro*, 354 US 351, 359; *Koshland v. Helvering*, 298 US 441, 446-67; *Manhattan Equipment Co. v. Commissioner*, 297 US 129, 134."

See *C.I.R. v. Acker*, 361 US 87, 92 (1959).

1.6 The Secretary of the Treasury is bound by statute. Congressional intent is the deciding factor in considering the validity of a regulation. [1] What does not exist in regulation or statute does not exist at all. [2]

## II. ISSUE & AUTHORITIES.

---

[1] See *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988); *U.S. v. Larinoff*, 431 U.S. 864, 872-873 (1976); *U.S. v. Calamaro*, 354 U.S. 351, 359 (1956); *Koshland v. Helvering*, 298 U.S. 441, 446-447 (1936); *Manhattan General Equip. Co. v. C.I.R.*, 297 U.S. 129, 134, 54 S.Ct. 397, 399 (1936); *Tracy v. Swartout*, 10 Pet. 354, 359 (1836).

[2] See *Caminetti v. U.S.*, 242 U.S. 470, 485, 489-493 (1916), citing (on 485) *Lake County v. Rollins*, 130 U.S. 662, 670, 671; *Bate Refrigerating Co. v. Sulzberger*, 157 U.S. 1, 33; *U.S. v. Lexington Mill and Elevator Co.*, 232 U.S. 399, 409; *U.S. v. Bank*, 234 U.S. 245, 258; *Security Bank of Minnesota v. C.I.R.*, 994 F.2d 432, 436 (CA8 1993); *Washington Red Raspberry Comm'n v. U.S.*, 657 F.Supp. 537, 545 (1987); *Forging Industry Ass'n v. Secretary of Labor*, 748 F.2d 211, 213 (1984); *Community for Creative Non-violence v. Kerrigan*, 865 F.2d 382, 387-91 (1988); *Iglesias v. U.S.*, 848 F.2d 362, 367 (CA2 1988); *Bank of New York v. U.S.*, 471 F.2d 247, 250 (CA8 1973); *Fidelity Philadelphia Trust Co. v. U.S.*, 122 F.Supp. 551, 553 at [3,4].

As [if] a citizen of the United States, the Defendant is named solely through the promulgation of Treasury Regulations as a subject of the tax now at issue, in violation of the 16th Amdt. which authorizes only Congress to lay and collect income taxes. Treasury Regulation 26 CFR 1.1-1 is void as derogation or vitiation of, or deviation from, statute 26 USC § 1. Without 26 CFR 1.1-1 there is no authority which subjects a "citizens of the United States" to the tax imposed by 26 USC § 1. There is no "offense" before the Court as required for subject matter jurisdiction under 18 USC § 3231.

2.1 Innocence in a criminal tax prosecution is not always proven by the plain language of the charging statute as compared to the conduct complained of or lack thereof, as in this case. Once innocence for any reason is proven the Court has no choice but to dismiss for the lack of an "offense" before the Court.

18 USC § 3231 District courts.- The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof. (June 25, 1948, ch. 645, 62 Stat. 826).

Grounds for dismissal or a finding of innocence can include:

1. No tax was owed under the law (statute) by a defendant, or no return filing requirement was imposed.

2. The tax is not imposed by clear language.

3. The law relating to a defendant and 26 USC related duties is "vague or highly debatable."

4. A defendant possesses a good faith misunderstanding of the law, which could even include an *unreasonable* misunderstanding.

5. A defendant acted upon the advice of a professional regarding how federal tax matters were to be handled.

6. To proceed further the Constitution must be violated.

2.2 The charges against the Defendant arise from the Plaintiff's [determination] that the Defendant has failed to pay an income tax and/or has failed to file tax returns regarding to 26 USC ch.1 requirements. (See 26 USC §§ 1-1399).

2.3 Unlike the three other chapters applied to Americans by the Plaintiff (26 USC ch.2, 21, and 23) which expressly identify a subject of those respective income taxes, ch.1 makes no reference to anyone's citizenship, including that purportedly [enjoyed] by the Defendant. When Congress sought to exclude citizens of the United States from the other three chapters it did so expressly, (See 26 USC §§ 1402(b), 3121(e), and 3306(j)), so Congress must be understood to have been fully aware of the existence of Americans who are "citizens of the United States," and it must be noted that statute (especially § 1) makes no reference to such citizens in relation any income tax in 26 USC's four key chapters.

2.4 The executive (Secretary of the Treasury, see 26 USC §§ 7801, 7805) saw this, and sensed the likely dilemma were any attempt ever made to apply the Title to Americans ("citizens of the United States"), so a regulation was written to implement 26 USC § 1 and to identify a subject of the tax imposed thereunder:

26 CFR 1.1-1 Income tax on individuals.
(a) General rule.
(1) *Section 1 of the Code imposes an income tax on the income of every individual who is a citizen or resident of the United States*.
(b) Citizens of the United States or residents liable to tax. In general, *all citizens of the United States, wherever resident*, and all resident alien individuals *are liable to the income taxes imposed by the Code* whether the income is received from sources within or without the United States.
(c) Who is a citizen. *Every person born or naturalized in the United States and subject to its jurisdiction is a citizen.* [3]

"Vallone wrote a letter to the IRS in which he made a variety of baseless claims, including the assertions that he enjoyed certain rights unique to a "sovereign citizen" born in the United States; that he was neither a citizen nor resident of the United States as those terms are used in the Fourteenth Amendment or *26 CFR §*

---

[3] See T.D. 6500, 25 FR 11402, **Nov. 26, 1960,** as amended by T.D. 7332, 39 FR 44216, Dec. 23, 1974; T.D. 9391, 73 FR 19358, Apr. 9, 2008.

***1.1-1(a)-(c), the IRS regulation _identifying those persons who are subject_*** to income tax by the United States[.]"

See *US v. Vallone*, 110 A.F.T.R.2d (RIA) 6110 (CA7 2012).

2.5 Problem solved. This stunning remark and holding (above) is directly at the core of this claim and is stated wholly in support of Defendant's claim about 26 CFR 1.1-1.

> "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."

See *Russello v. United States,* 464 US 16, 23 (1983).

2.6 Nowhere in § 1 has Congress supplied a <u>statutory</u> definition of the term "citizen" which identifies the Defendant as the subject of the § 1 income tax, so the Plaintiff wrote and promulgated 26 CFR 1.1-1 to do so; that is impermissible as a violation of the 16th Amdt., *to wit*:

> U.S. Constitution, Amdt. 16, February 25, 1913. "The ***Congress shall have power to lay and collect taxes on incomes,*** from whatever source derived, without apportionment among the several States and without regard to any census or enumeration."

2.7 Congress' omission of such a statutory definition of "citizen" from 26 USC must be viewed as an intentional withholding of statutory authority from the Internal Revenue Service, just as its lack of delegation to the FDA was deemed intentional, in *FDA v. Brown & Williamson*, 153 F.3d 155, 160-167 (CA4 1998), aff'd 529 US 120 (2000), where the 4th Circuit and the Supreme Court rendered very lengthy memorandum opinions in decisions that stripped the FDA of tobacco enforcement authority, finding that it arose from and was founded solely upon regulations promulgated by executive officials. Defendant's claim that Americans ("citizens of the United States") are implicated as subject to 26 USC by regulation alone is identical in nature to the claims made against the FDA in that case.

"And "'[i]n our anxiety to effectuate the congressional purpose of protecting the public, we must take care not to extend the scope of the statute beyond the point *where Congress indicated it would stop.*'" *United States v. Article of Drug . . . Bacto-Unidisk,* 394 U.S. 784, 800 (1969) (quoting *62 Cases of Jam v. United States,* 340 U.S. 593, 600 (1951))."

See *FDA v. Brown & Williamson, Id.* at 161.

"Finally, the Government points to the fact that the Treasury Regulations relating to the statute purport to include the pick-up man among those subject to the § 3290 tax, and argues (a) that this constitutes an administrative interpretation to which we should give weight in construing the statute, particularly because (b) section 3290 was carried over *in haec verba* into § 4411 of the Internal Revenue Code of 1954. We find neither argument persuasive. *In light of the above discussion, we cannot but regard this Treasury Regulation as no more than an attempted addition to the statute of <u>something which is not there</u>. As such the regulation can furnish no sustenance to the statute. Koshland* v. *Helvering,* 298 U.S. 441, 446-447. Nor is the Government helped by its argument as to the 1954 Code. The regulation had been in effect for only three years, and there is nothing to indicate that it was ever called to the attention of Congress. The re-enactment of § 3290 in the 1954 Code was not accompanied by any congressional discussion which throws light on its intended scope. In such circumstances we consider the 1954 re-enactment to be without significance. *Commissioner* v. *Glenshaw Glass Co.,* 348 U.S. 426, 431."

See *United States v. Calamaro,* 354 US 351, 358-59, 77 S.Ct. 1138 (1957). See also, *Water Quality Ass'n v. United States,* 795 F.2d 1303 (7th Cir. 1986), where, citing and quoting *Calamaro,* the 7th Cir. added at p.1309:

"*It is a basic principle of statutory construction that courts have no right first to determine the legislative intent of a statute and then, under the guise of its interpretation, proceed to either add words to or eliminate other words from the statute's language. DeSoto Securities Co. v. Commissioner,* 235 F.2d 409, 411 (7th Cir. 1956); see also 2A Sutherland Statutory Construction § 47.38 (4th Ed. 1984). Similarly, *the Secretary has no power to change the language of the revenue statutes because he thinks Congress may have overlooked something.*"

*"**But the section contains nothing to that effect**, and, therefore, **to uphold** [IRS Commr's] addition to the tax **would be to hold that it may be imposed by regulation, which, of course, the law does not permit.** U.S. v. Calamaro,* 354 US 351, 359; *Koshland v. Helvering,* 298 US 441, 446-67; *Manhattan Equipment Co. v. Commissioner,* 297 US 129, 134." [4]

2.8 But when any challenge of an identical nature is made relating to the vivid contrast between 26 USC § 1 and 26 CFR 1.1, the litigant is called a "tax protester" and a "thorn in the side of the federal judiciary."

"ORDER DENYING MOTION TO DISMISS -
This matter comes before the Court on the motion of defendant Robert Arant to dismiss for failure to state a claim upon which relief may be granted. (Dkt. #41). Arant, who is proceeding pro se, argues that the United States of America (the "United States") has no statutory authority to act against him. See, *e.g.,* Motion at pg.8 ("The Secretary of the Treasury has imposed a tax on the Defendant through 26 CFR 1.1-1(c), but has done so without the authority to do so, the authority to lay income tax[es] having been reserved to Congress and Congress alone"). **(Fn.1)**.
"However, "[t]he IRS is given the authority to assess taxes." *Law Offices of Jonathan A. Stein v. Cadle Co.,* 250 F.3d 716, 720 (9th Cir. 2001) (citing 26 USC § 6201-6204); see also *McLaughlin v. IRS,* 832 F.2d 986-87 (7th Cir. 1987) (per curiam) ("Tax protestors, those who persist in pressing losing arguments in an attempt to challenge the legitimacy of the federal income tax, are a thorn in the side of the federal judiciary"); see generally *United States v. Fior D'Italia,* 536 US 238, 122 S.Ct. 2117, 153 L.Ed.2d 280 (2002) (discussing the IRS' authority). Arant may not agree with that authority, but nevertheless, it exists. Accordingly, defendant's motion to dismiss is DENIED."

**Footnote 1**. The government has responded to the motion with a single sentence, noting that the motion "is a frivolous pleading to which no further response from the United States is required." response at p.1. In the future, the government should look beyond the frivolous nature of Arant's filings and respond substantively."

See *US v. Arant,* 102 A.F.T.R.2d (RIA) 5633 (2008) (2008 U.S. Dist. LEXIS 12598) (#C-07-0509-RSL, W.D. of WA at Seattle, then Chief Judge Robert S. Lasnik's Order dated Feb. 5, 2008).

---

[4] See *C.I.R. v. Acker,* 361 US 87, 92 (1959).

2.9 The argument concerns the *imposition* of a tax; not the *assessment* of unpaid taxes. The *Arant* decision cites only case law as the authority for the imposition of the § 1 tax in the face of this very challenge. The Court's duty is to interpret the provisions relied upon. (See *Barnhart, Comm'r of Social Security v. Sigmon Coal Co., Inc.*, 534 US 438, 450 (2002) ("As in all statutory construction cases, we begin with the language of the statute. The first step "is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 US 337, 340 (1997) (citing *United States v. Ron Pair Enterprises, Inc.*, 489 US 235, 240 (1989)). The inquiry ceases "if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" 519 US, at 340.")).

2.10 This obvious evasion and parting diatribe (in *Arant, id.*) convinces any reasonable individual that the argument against 26 CFR 1.1 is on point and valid. The Defendant charges that 26 CFR 1.1-1 is invalid for the fact that it impermissibly "add[s] to the statute of something which is not there." (See *US v. Calamaro, supra*, p.358-59). Had this impermissible and unconstitutional (Amdt. 16) promulgation not occurred, the law is void of any reference to citizens of the United States as the subject of the income tax imposed by § 1; a regulation identifies the subject of the tax. (*Vallone, supra*).

2.11 Inasmuch as the ch.1 related duties in this case arise purely out of regulatory (executive branch) authority, through a plain violation of the 16th Amendment to the US Constitution, the Defendant is entitled to go free.

> "An offense created by [an unconstitutional law]," the Court has held, "is not a crime." *Ex parte Seibold*, 100 US 371, 376, 25 L.Ed. 717 (1880). "A conviction under [such a law] is not merely erroneous, but it is illegal and void, and cannot be a legal cause of imprisonment." *Id.*, at 376-77. If a law is invalid as applied to the criminal defendant's conduct, the defendant is entitled to go free.
> "For this reason, a court has no "prudential" license to decline to consider whether the statute under which the defendant has been charged lacks constitutional application to her conduct. And that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the Court. Our decisions concerning criminal laws infected with discrimination are illustrative. The Court must entertain the

objection - and reverse the conviction - even if the right to equal treatment resides in someone other than the defendant. See *Eisenstadt v. Baird*, 405 US 438, 452-455 (1972) (reversing conviction for distributing contraceptives because the law banning distribution violated the recipient's right to equal protection); cf. *Craig v. Boren*, 429 U.S. 190, 192, 210, and n.24 (1976) (law penalizing sale of beer to males but not females aged 18 to 20 could not be enforced against vendor). See also *Grayned v. City of Rockford*, 408 U.S. 104, 107, n.2 (1972); *Welsh v. United States*, 398 U.S. 333, 361-362 (1970) (Harlan, J., concurring in result) (reversal required even if, going forward, Congress would cure the unequal treatment by extending rather than invalidating the criminal proscription).

"In short, a law "beyond the power of Congress," for any reason, is "no law at all." *Nigro v. United States*, 276 U.S. 332, 341 (1928). The validity of Bond's conviction depends upon whether the Constitution permits Congress to enact § 229. Her claim that it does not must be considered and decided on the merits."

See *Bond v. US*, 131 S.Ct. 2355, 180 L.Ed.2d 269 (June 16, 2011) (Ginsburg, J., separate concurring opinion, joined by Beyer, J.); see also *Fay v. Noia*, 372 US 391, 408, 9 L.Ed.2d 837, 83 S.Ct. 822 (1963) (citing *Seibold, id.*).

2.12 Precedent must be observed and serves as a constraint and as guidance. "But unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." (See *Hutto v. Davis*, 454 US 370, 375 (1982); see also *Hart v. Massanari*, 266 F.3d 1155 *passim* (2001)).

"[W]e have referred to the Court of Appeals when enquiring whether a right was "clearly established." "

See *United States v. Lanier*, 520 US 259, 269, 137 L.Ed.2d 432, 117 S.Ct. 1219 (1997) (citing *Mitchell v. Forsyth*, 427 US 511, 533, 86 L.Ed.2d 411, 105 S.Ct. 2806 (1985); *Davis v. Scherer*, 468 US 183, 191-92, 82 L.Ed.2d 139, 104 S.Ct. 3012 (1984); *Elder v. Halloway*, 510 US 510, 516, 127 L.Ed.2d 344, 114 S.Ct. 1019 (1994) (treating Court of Appeals decisions as "relevant authority" that must be considered as part of qualified immunity enquiry)).

III. <u>CONCLUSION & RELIEF</u>.

3.1 WHEREFORE, due to the obvious lack of statutory authority to demand a tax or the filing of a tax return from the Defendant, subject matter jurisdiction does not exist.

3.2 All authority now wielded would not duly pertain in any way to the Defendant had the Plaintiff not promulgated 26 CFR 1.1, which serves to identify the subject of the 26 USC § 1 income tax. The charges in this case are those the government cannot constitutionally or statutorily prosecute. The application of 26 USC § 1 to the Defendant violates the 16th and 5th Amdts., *a fortiori*, this action and 26 CFR 1.1 cannot be deemed valid in any way. This Court is therefore without subject matter jurisdiction to proceed and must dismiss all charges.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Verification:**

    3.3 I, Craig R. Walcott, do hereby declare that the foregoing statements are true and correct to the best of my knowledge and belief. Executed under penalties of perjury this _12th_ day of March, 2018.

_(signature)_

Craig R. Walcott, Affiant

    3.4 The above affirmation was subscribed and duly sworn to before me this _12th_ day of March, 2018, by Craig R. Walcott.

    3.5 I, _Rafael Agosto_____, am a Notary under license from the State of Colorado whose commission expires on __11/28/21_____, and be it known by my hand and my Seal as follows:

_(signature)_

Notary signature

RAFAEL AGOSTO
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20174048809
My Commission Expires November 28, 2021

Respectfully submitted:

_____

Craig R. Walcott

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

3

4

**CERTIFICATE OF SERVICE**

I, Craig R Walcott, certify that a true copy of the attached *Motion* has been served via Certified Mail to the following:

Mr Komeros
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001          Certified Mail # 70153010000239668933

Craig R. Walcott
Mailing address
590 Hwy 105 #123
Monument CO. 80132

March 12,  2018

CERTIFIED MAIL

7015 3010 0002 3949 6912

Craig Walcott
590 Hwy 105 # 123
Monument CO 80132

U.S. POSTAGE
MONUMENT, CO
80132
MAR 12 18
AMOUNT
$4.87
R2305M147898-02

1000    80294

U.S. District Court
for Colorado

901 19th St

Denver CO. 80294